**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERNEASTERN**
**DISTRICT OF ILLINOIS EASTERN DIVISION**

RECEIVED
11/12/2020 DB
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Rosie Houston, (Record Owner of 4202 S. Vincennes Ave.)
Michael Houston
Steve Houston
Yvonne Whitley

Case No.

Plaintiff's

V.

1:20-cv-6720
Judge Martha M. Pacold
Magistrate Judge Susan E. Cox

City of Chicago a Municipal Corporation
Judy Frydland, (In her Individual capacity,
as Commissioner of the Department of Buildings)
Jorge Herrera, (In his Individual capacity,
as Chief Building Inspector)
Mario Ficco, (In his Individual capacity,
as Building Inspector)
Delta Demolition, an Illinois Corporation
Finucane Jeffrey (In his Individual capacity,
as Owner, President at Delta Demolition Incorporated)

Trial by Jury Demanded

Defendant's

# COMPLAINT

## JURISDICTION AND VENUE

1. This case is filed under 42 U.S.C. secs. 1983,1988 and fourth and fourteenth amendments, to the United States Constitution. Jurisdiction exists in this court under 28 U.S.C. secs. 1331 and 1334 (3)(4) 2281, 2284, and the above mentioned statutory and constitutional provisions.

2. The Plaintiff's also invokes the pendant jurisdiction of this federal court, to hear and decide claims arising under state law.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because since a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division, and the property Involved is situated in the Northern District of Illinois, Eastern Division Defendant's "residing" in this District in the sense that it is subject to personal jurisdiction here. Venue is also appropriate because Defendant's does business in Illinois.

## PARTIES

4. Plaintiff Rosie Houston,90-year-old (Record Owner of 4202 S. Vincennes Ave.) Michael Houston Steve Houston Yvonne Whitley at all times mentioned herein was, a citizen's and residents of Chicago, and own personal property inside the house.

5. The subject property has a property index number (PIN) of **20-03-220-035-0000**

6. Defendant City of Chicago a Municipal Corporation organized and existing under the laws of the State of Illinois

7. Defendant Judy Frydland, is being sued in her Individual capacity and as the Commissioner of the Department of Buildings for the City of Chicago, at all times relevant defendant Judy Frydland was acting as an agent/employee for the City of Chicago when she gave the order to Jorge Herrera to demolish Plaintiff house without an court order or authority which was done within the scope of that agency/employment.

8. Defendant Jorge Herrera, is being sued in his Individual capacity and as Chief Building Inspector for the City of Chicago, at all times relevant defendant Jorge Herrera was acting as an agent/employee for the City of Chicago when he gave the order to demolish Plaintiff house without an court order or authority which was done within the scope of that agency/employment

9. Defendant Mario Ficco is being sued in his individual capacity and as Building Inspector for the City of Chicago

10. Defendant Delta Demolition, an Illinois Corporation

11. Defendant Finucane Jeffrey is being sued in his Individual capacity and as Owner, President at Delta Demolition Incorporated

## FACTS COMMON TO ALL COUNTS

12. Rosie Houston is 90 years old is the record owner of the subject property who has lived there for 47 years since 1972, Rosie Houston Michael Houston Steve Houston Yvonne Whitley all owned personal property inside the house at the time it was Wrongfully/Illegally demolished, that the fire did not destroy.

13. On November 20, 2018 at about 10:00 p.m. the house at 4202 S. Vincennes caught on fire from a bad electric socket Rosie Houston, Michael Houston and Yvonne were able to exit the house safely.

14. That night after the fire was over Michael Houston enter the house to check the damage, in the kitchen bath room no fire damage smoke and heat damage, in the basement no fire damage the second floor bath room no fire damage, basement and second floor staircase no fire damage while rechecking the first floor notice a small fire in the closet called fire department back, the Chief name unknown stated the house was unsafe and that it was going to be torn down tomorrow Which statement was untrue, Michael had just done a walkthrough of the house the most serious damage was the roof, why did the roof burn like that and not the rest of the house? the fire Chief is not part of this complaint.

15. The next day after the fire Michael, Steve and Yvonne went inside the house to retrieve some personal property and called a board up company, had the house boarded up, while boarding up the house and retrieving some personal property from the house, a man came in the back yard stating the city is going to tear this house down this house down with a lot of anger and that he was tired of all the complaints about this house, he later introduces himself as a Chicago building inspector Mario Ficco he requested entry into the house and was denied because of his attitude and he had already decided the house had to be torn down without an inspection, we were able to tell him, we were going to have the house repaired he later gave us his phone number ask Steve for his phone number which he refused because of his attitude in which Michael gave him his phone number, he asked was it alright to give the number to the Building Commissioner and the Chief Building Inspector and that they would be calling.

16. On or about 11-30-18 Building Inspector Mario called saying we needed to clean the debris around the house, in which we had already done in the gangway, but somebody had thrown from the front yard into the gangway we reclean the gangway and anything that was on the streets talk to the neighbor he stated he did not notice how the debris got back out there, other neighbor stated they tried to help clean up but was stopped by the Police. Doing this same time, a neighbor stated he seen a man with a big screw driver trying to pull the plywood off the door and window and watch him put holes in the plywood on one of the basements windows on information and belief that person was Building Inspector Mario.

17. On or about December 10, 2018 Marlene Hopkins Managing Deputy Commissioner of the **Chicago Department of Buildings** called from no. 312-743-9024 and asked we were trying to repair the house and that Mario told her we had boarded up the house, she better explained that we needed to clean the backyard the front yard and more without any anger. We told her we should

get it done this weekend which we had already planned, but it rained that weekend, so we went house hunting. In which she is not made part this lawsuit.

18. Thereafter on December 14, 2018 Chief Building Inspector Jorge Herrera called from number 312-743- 3556 talking with anger that I know you don't have any Insurance and that you want to repair the house and this is just going to linger on and that you need to get a dumpster and get everything up, we told him we told him we were going out this weekend any way to clean up he stated with anger if it's not done this weekend, he was going to put it in demolition court. We were unable to get a dumpster that quick for the weekend he called us on a Friday, that we also had to get a permit for the dumpster. We did as much as we could without a dumpster.

19. On or about, December 18 and 19, 2018, the CITY of Chicago, Jorge Herrera caused the property at 4202 S. Vincennes to be wrongfully demolished Without Plaintiff's having been notice of such procedure or an order having been entered by a court of proper jurisdiction to do so.

20. Despite the building having been secured and there being no demolition order entered by the Court, the City, Jorge Herrera caused a Permit for a Demolition Application to he issued to Delta Demolition.

21. Plaintiff at the time intended on fully rehabbed the building that was located on the property.

22. Delta Demolition, having executed the unlawful forcible demolition, demolishing the plaintiff's house without due process of law and for entering the plaintiff's house without a warrant, on December 19, 2018 Delta Employees stated this is an Emergency demolition. (Plaintiff denies that the subject property was a risk to public health and safety)

23. The demolition permit was issued without notice to plaintiff, and plaintiff was not given notice that defendant City of Chicago intended to raze or demolish the property. Defendant exercised complete dominion and control without any right over the property of plaintiff.

24. At no time did plaintiff give permission to defendants to come onto plaintiff's land and raze plaintiff's building and such action by defendants were unlawful.

25. The actions of the defendants were unlawful, in violation of the constitutional rights of Plaintiff's and constituted a taking of plaintiff's property without just compensation and without due process of law.

26. As a direct and proximate result of the acts of defendants resulting in the Demolition of plaintiff's house, as the demolition did more damage than the fire, plaintiff 's valuable family photos, from the 1900 to the present priceless, family bible Michael Houston have lost over 60,000.00 in tools, Steve Houston has lost over 20,000.00 in tools latter's vehicle that was removed from the back yard and placed on the streets which accumulated several tickets, this vehicle is value at 2,000.00 and etc. Yvonne Whitley lost over 10, 000.00 in rare old coins collection that were kept in a fire proof container, located in the basement antique Marble Fireplace value between 40,000 to 75,000.

27. Due to the intentional actions of the above-named defendants set forth above Rosie Houston Michael Houston Steve Houston Yvonne Whitley the house and personal property were illegally sized and demolished and denied due process all plaintiff's suffered damage to their reputation was personally humiliated and suffered mental anguish.

28. On the date November 20, 2018 to December 18, 2018 there was in force federal civil rights act (42 U. S. C. 1983, 1988).

29. At the above-mentioned times and places the above-named defendants were acting under color of law.

## COUNT I – WRONGFUL DEMOLITION (ALL DEFENDANTS)

30. The Plaintiffs hereby re-allege and incorporate their allegations of paragraphs 1-29 of the previous section of the Complaint as though fully set forth herein

31. Illinois law states that public entities and public employees may be liable defendants based on §1-47 of the Illinois Municipal Code. 745 ILCS 102-101(c). Specifically, §10/2-101(e) states that nothing in this Act affects the liability, if any, of a local public entity or public employee, based on ...(e) Section 1-4-7 of the Illinois Municipal Code approved May 29, 1961, as a heretofore or hereafter amended.

32. The Municipal Code. Section 13-8-100 of the Code states, in relevant part: Dangerous Buildings and Structures (a) Whenever a building or structure or part thereof shall have been damaged by fire . . . and where it constitutes an actual and imminent danger to the public, the buildings commissioner shall have the power to order said building . . . closed and to order any licensed and bonded wrecking contractor forthwith to remove said building . . . When the buildings commissioner has ordered a building, structure or part thereof vacated and closed as provided in this section, the buildings commissioner may post or cause to be posted in a conspicuous place . . . a notice . . . stating substantially as follows:

This building has been ordered closed by the City of Chicago due to code violations that threaten life, health or safety. Entry is forbidden except for necessary repairs and government inspection. The notice shall be dated and shall bear the city seal. If only a portion of the building has been ordered closed, removed, or shut down, then notice shall be modified to identify the affected portion, and shall also be affixed at each interior entrance to that portion. The commissioner shall cause a notice as provided in section 1312-130 to be sent to the owner of the property

33. The Illinois Municipal Code provides that: "The corporate authorities of each municipality may demolish, repair, or enclose or cause the demolition, repair or enclosure of dangerous and unsafe buildings or uncompleted and abandoned buildings." 65 ILCS 5/11-31-1(a). Section 11-31-1 of the Code provides, in pertinent part:
"The corporate authorities shall apply to the circuit court of the county in which the building is located (i) for an order authorizing action to be taken with respect to a building if the owner or owners of the building, including the lien holders of record, *after at least 15 days' written notice by mail so to do, have failed to put the building in a safe condition or to demolish it*

34. The Municipal Code of Chicago also authorizes the City to seek a court order authorizing the demolition, repair or enclosure of "any building ...found in a dangerous and unsafe condition or uncompleted and abandoned" within the city limits. § 13-12-130

Illinois statute and City Ordinance specifies that the City shall perform mandated tasks before a property can be demolished pursuant to the Statutes and Ordinance. Specifically, the City: (1) seek a court order authorizing the demolition, repair or enclosure of "any building; (2) *15 days' written notice by mail so to do, have failed to put the building in a safe condition or to demolish it*, (3) the buildings commissioner may post or cause to be posted in a conspicuous place a notice,
This building has been ordered closed by the City of Chicago due to code violations that threaten life, health or safety or the DSS can cause to be posted on the property a notice no smaller than two feet by three feet that states that the property will be demolished within three days.

35. On or about, December 17 and 18 of 2018 the City unlawfully demolished the subject property. The demolition was unlawful because the Commissioner and Chief Building Inspector and the City and Building Inspectors of the City failed to abide by the State Statute and City Ordinances requirements and procedure. Specifically, the City (1) did not attempt to seek a court order authorizing the demolition, repair or enclosure of "any building; (2) did not attempt to provide plaintiff notice via certified mail of the imminent demolition; and, (3) did not post on the subject property any notice that contained the language required by the Ordinance. (4) all three requirements are also needed for an emergency demolition.

36. Accordingly, the City failed to comply with State Law and City Ordinance requirements the subsequent demolition of the subject property was without lawful authority and plaintiff's suffered loss of their property without due process of law.

Wherefore, Plaintiff, Rosie Houston, Michael Houston, Steve Houston and Yvonne Whitley prays that this Court declare the demolition of the subject property to be unlawful and constituting a wrongful demolition pursuant to 745 ILCS 10/2401, and order any other relief this Court deems just and appropriate

**COUNT II – UNLAWFUL SEIZURE**
**(ALL DEFENDANTS)**

37. The Plaintiffs hereby re-allege and incorporate their allegations of paragraphs 1-36 of the previous section of the Complaint as though fully set forth herein

38. The actions of the Defendants were a seizure of the unlawful demolition of the subject property and the personal Property of plaintiffs, the demolition was unlawful because the Commissioner of the Department of Buildings, Chief Building Inspector and the City failed to abide by State Statute's and City Ordinance's requirements and procedure.

39. The decision of the city of Chicago Chief Building Inspector Jorge Herrera to ignore the requirements of law and order the emergency demolition of Plaintiffs' property in direct violation of the law, as the City has a policy of permitting "its employees to use unauthorized tactics to demolish homes without notice or court orders although not authorized by written law and express policy, there's been class action lawsuits on this matter. the City is aware of the unauthorized tactics to demolish homes without notice or court orders and that it has condoned this policy, all the policymakers, Mayor and all the Alderman, the City Council are aware of the wrongdoing by the Chief Building Inspectors and his inspectors and by the streets and Sanitation (DSS) , the city have a custom or policy of failing to discipline them and properly train them.

40. The City of Chicago has a duty and obligation to supervise and discipline its employees to prevent them from violating citizens' rights through the power and authority they have.

41. The City of Chicago has failed to monitor or supervise their employees which have therefore given them to comfort and sense that they can violate citizen's rights and not be disciplined

42. As a result of this custom policy and practice for the City of Chicago the Defendant employees ignored the rights of the Plaintiffs herein.

43. As a result, thereof, the Plaintiff's rights were violated in a long standing climate of the Chicago Department of Buildings violating citizens' rights.

44. As a direct and proximate consequence of said conduct of Defendants Judy Frydland, Jorge Herrera, Mario Ficco, City of Chicago, Delta Demolition, an Illinois Corporation, Finucane Jeffrey, the Plaintiffs suffered emotional anxiety, fear, humiliation, and pain and suffering

45. Said actions of the Defendants, Judy Frydland, Jorge Herrera, Mario Ficco, City of Chicago, Delta Demolition, an Illinois Corporation, Finucane Jeffrey violated the Plaintiffs, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiffs, suffered violations of their constitutional rights, emotional anxiety, stress, fear, humiliation, monetary loss, property damage and pain and suffering.

46. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiffs, suffered violations of their constitutional rights, emotional anxiety, stress, fear, humiliation, monetary loss, property damage and pain and suffering.

WHEREFORE, the Plaintiffs Rosie Houston, Michael Houston Steve Houston Yvonne Whitley prays for judgment in their favor and against the Defendants, Judy Frydland, Jorge Herrera, Mario Ficco, Delta Demolition, an Illinois Corporation, Finucane Jeffrey jointly and severally, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

**COUNT III – UNLAWFUL SEARCH**

**(ALL DEFENDANTS)**

47. The Plaintiffs hereby re-allege and incorporate their allegations of paragraphs 1-46 of the previous sections of the Complaint as though fully set forth herein.

48. The Defendants did not have a court order arrest warrant, probable cause or a search warrant to enter onto Plaintiffs property and at no time did plaintiff give permission to defendants to come onto plaintiff's land.

49. The Defendants were acting pursuant to the customs, policy and procedures of the City of Chicago Department of Buildings.

50. As a direct and proximate consequence of said conduct of Defendants Judy Frydland, Jorge Herrera, Mario Ficco, City of Chicago, Delta Demolition, an Illinois Corporation, Finucane Jeffrey, the Plaintiffs suffered emotional anxiety, fear, humiliation, and pain and suffering

51. Said actions of the Defendants, Judy Frydland, Jorge Herrera, Mario Ficco, City of Chicago, Delta Demolition, an Illinois Corporation, Finucane Jeffrey violated the Plaintiffs, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiffs, suffered violations of their constitutional rights, emotional anxiety, stress, fear, humiliation, monetary loss, property damage and pain and suffering.

52. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiffs, suffered violations of their constitutional rights, emotional anxiety, stress, fear, humiliation, monetary loss, property damage and pain and suffering.

WHEREFORE, the Plaintiffs Rosie Houston, Michael Houston Steve Houston Yvonne Whitley prays for judgment in their favor and against the Defendants, Judy Frydland, Jorge Herrera, Mario Ficco, Delta Demolition, an Illinois Corporation, Finucane Jeffrey jointly and

severally, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

**COUNT IV – NEGLIGENCE**
**(ALL DEFENDANTS)**

53. The Plaintiffs hereby re-allege and incorporate their allegations of paragraphs 1-52 of the previous sections of the Complaint as though fully set forth herein

54. Defendants owed a duty to Plaintiffs when it demolished the building structure and failed to protect their personal belongings during and after the emergency demolition,

55. The City breached that duty when the Department of Buildings/Chief Building Inspector and Commissioner failed to strictly adhere to the procedures prescribed by State Law and City Ordinance, as the emergency demolition was unlawful.

56. The City's breach of its duty to plaintiff actually and proximately caused them harm, including, but not limited to, loss of personal property and loss or conversion of the building structure located at the subject property at the time of demolition, and emotional and mental distress and expenses, in excess of $600,000.00.

57. Plaintiff's is entitled to recover damages for the harms caused by the City's breach of its duties owed to them.

WHEREFORE, the Plaintiffs Rosie Houston, Michael Houston Steve Houston Yvonne Whitley prays for judgment in their favor and against the Defendants, Judy Frydland, Jorge Herrera, Mario Ficco, Delta Demolition, an Illinois Corporation, Finucane Jeffrey jointly and severally, for damages in excess of $100,000.00 and for a reasonable amount in compensatory

damages, punitive damages, plus attorneys' fees and costs and all other appropriate relief to which they are entitled under the law.

**COUNT V – TRESPASS TO CHATTELS**
**(ALL DEFENDANTS)**

58. The Plaintiffs hereby re-allege and incorporate their allegations of paragraphs 1-57 of the previous sections of the Complaint as though fully set forth herein

59. The Defendants intended to assert dominion and/or control over the Plaintiffs' aforementioned personal property due to it being inside the subject premises and the vehicle in the back yard.

60. The Defendants asserted dominion and/or control over the Plaintiffs' aforementioned personal property being inside the subject premises and the vehicle in the back yard.

61. The Defendants asserted physical dominion and/or control over the Plaintiffs' aforementioned personal property by removing it from the inside of the subject premises and in the back yard.

62. The Defendants' dominion and/or control resulted in harm to the property and caused interference with Plaintiffs' use of the property.

62. As a direct and proximate result of said acts, Plaintiffs have suffered loss of their personal property, emotional distress and ailments, and continue to suffer distress and expenses, which exceed $100,000.00

WHEREFORE, the Plaintiffs Rosie Houston, Michael Houston Steve Houston Yvonne Whitley prays for judgment in their favor and against the Defendants, Judy Frydland, Jorge

Herrera, Mario Ficco, Delta Demolition, an Illinois Corporation, Finucane Jeffrey jointly and severally, for damages in excess of $100,000.00 and for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs and all other appropriate relief to which they are entitled under the law.

**COUNT VI – CONVERSION**
**(ALL DEFENDANTS)**

63. The Plaintiffs hereby re-allege and incorporate their allegations of paragraphs1-62 of the previous sections of the Complaint as though fully set forth herein

64. At at] times herein mentioned, and in particular on or about November 18 and 19, 2018, plaintiff was and still is entitled to possession of the subject property and the personal property described herein.

65. On or about this date, the subject property and personal property was of substantial value.

66. On or about this date, the City seized the personal property described herein and demolished the subject property thereby taking the same from plaintiff's possession.

67. Due to the demolition of the subject property and the loss of the personal property, the City of Chicago converted the same to its own uses.

68. As a direct and proximate result of the City's conversion of the subject property and plaintiff's personal property, plaintiff suffered damages that are natural, reasonable, and of substantial value.

WHEREFORE, the Plaintiffs Rosie Houston, Michael Houston Steve Houston Yvonne Whitley prays for judgment in their favor and against the Defendants, Judy Frydland, Jorge Herrera, Mario Ficco, Delta Demolition, an Illinois Corporation, Finucane Jeffrey jointly and

severally, for damages in excess of $100,000.00 and for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs and all other appropriate relief to which they are entitled under the law.

**COUNT VII – BAILMENT**
**(ALL DEFENDANTS)**

69. The Plaintiffs hereby re-allege and incorporate their allegations of paragraphs 1-68 of the previous sections of the Complaint as though fully set forth herein

70. An implied bailment of the Plaintiffs' personal property was created when only the subject property was turned over by the City of Chicago to Defendants Delta Demolition and Finucane Jeffrey.

71. Defendants Delta Demolition and Finucane Jeffrey accepted the Plaintiffs' personal property in good condition upon acceptance of the subject property.

72. Defendants failed to return Plaintiffs' property in its entirety.

73. As a direct and proximate result of said acts, Plaintiffs have suffered loss of their personal property and continue to suffer distress and expenses.

WHEREFORE, the Plaintiffs Rosie Houston, Michael Houston Steve Houston Yvonne Whitley prays for judgment in their favor and against the Defendants, Judy Frydland, Jorge Herrera, Mario Ficco, Delta Demolition, an Illinois Corporation, Finucane Jeffrey jointly and severally, for damages in excess of $100,000.00 and for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs and all other appropriate relief to which they are entitled under the law.

**COUNT VIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(ALL DEFENDANTS)**

74. The Plaintiffs hereby re-allege and incorporate their allegations of paragraphs 1-73 of the previous sections of the Complaint as though fully set forth herein.

75. Defendants' conduct in the unlawful demolished of the subject property and removing and disposing of Plaintiffs' personal property was extreme and outrageous, especially relating to, but not limited to, life-saving prescription medication, sensitive documents containing personal information, expensive jewelry, electronics, tools, tools. Tools, rare coins. Family bible. Family photos some from the early 1900"s, Refrigerator, stoves, etc.

76. Defendants intended to cause and/or recklessly caused and/or consciously disregarded the probability of causing emotional distress to the ill, elderly Plaintiffs and the younger Plaintiff.

77. Plaintiffs in fact suffered severe emotional distress upon finding out their belongings had been pick through by employees of Delta Demolition, the junk men with trucks working with Delta Demolition neighbors had told us they went in the house and was taking out all our personal belongings for they self , including the aforementioned life-saving prescription medication, sensitive documents containing personal information, expensive jewelry and electronics, tools, rare coins. Family bible. Family photos some from the early 1900"s, Refrigerator, stoves, etc.

78. As a direct and proximate result of said acts, Plaintiffs have suffered and continue to suffer distress and expenses.

WHEREFORE, the Plaintiffs Rosie Houston, Michael Houston Steve Houston Yvonne Whitley prays for judgment in their favor and against the Defendants, Judy Frydland, Jorge Herrera, Mario Ficco, Delta Demolition, an Illinois Corporation, Finucane Jeffrey jointly and

severally, for damages in excess of $100,000.00 and for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs and all other appropriate relief to which they are entitled under the law.

**COUNT VIIII WILLFUL AND WANTON**
**(ALL DEFENDANTS)**

79. The Plaintiffs hereby re-allege and incorporate their allegations of paragraphs 1-78 of the previous sections of the Complaint as though fully set forth herein.

80. To the extent that the Illinois Tort Immunities Act does apply to the actions of the Defendants alleged herein, any such immunities are inapplicable because of the willful and wanton nature of the conduct of Defendants alleged herein.

81. Defendants had a duty to refrain from willful and wanton acts or emissions that would harm Plaintiff, the Defendants, Breached that duty.

82. Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct.

(a) Intentionally and/or deliberately intended to cause harm to the Plaintiff and/or acted utterly indifferent to and/or consciously disregarded the Plaintiff's Rights and property in the unlawful demolished of the subject property and removing and disposing of Plaintiffs' personal property was extreme and outrageous.

(b) Intentionally and/or deliberately intended to cause harm to the Plaintiff and/or acted utterly indifferent to and/or consciously disregarded the Plaintiff's Rights and property Defendants intended to cause and/or recklessly caused and/or consciously disregarded the probability of causing emotional distress to the ill, elderly Plaintiffs and the younger Plaintiffs.

(c) Intentionally and/or deliberately intended to cause harm to the Plaintiff and/or acted utterly indifferent to and/or consciously disregarded the Plaintiff's Rights and property failed to seek an affidavit from the owner authorizing the demolition and/or failed to seek a court order authorizing the demolition repair or enclosure of the subject property.

(d) Intentionally and/or deliberately intended to cause harm to the Plaintiff and/or acted utterly indifferent to and/or consciously disregarded the Plaintiff's Rights and property failed seek

a court order arrest warrant, probable cause or a search warrant to enter onto Plaintiffs property and at no time did plaintiff give permission to defendants to come onto plaintiff's land.

( e ) Intentionally and/or deliberately intended to cause harm to the Plaintiff and/or acted utterly indifferent to and/or consciously disregarded the Plaintiff's Rights and property when Defendants asserted physical dominion and/or control over the Plaintiffs' aforementioned personal property by removing it from the inside of the subject premises and back yard.

(f) Intentionally and/or deliberately intended to cause harm to the Plaintiff and/or acted utterly indifferent to and/or consciously disregarded the Plaintiff's Rights and property failed to provide Plaintiff with the*15 days' written notice by mail so to do, have failed to put the building in a safe condition or to demolish it,*

(g) Intentionally and/or deliberately intended to cause harm to the Plaintiff and/or acted utterly indifferent to and/or consciously disregarded the Plaintiff's Rights and property failed to post or cause to be posted in a conspicuous place a notice, this building has been ordered closed by the City of Chicago due to code violations that threaten life, health or safety or the DSS can cause to be posted on the property a notice no smaller than two feet by three feet that states that the property will be demolished within three days

(h) Intentionally and/or deliberately intended to cause harm to the Plaintiff and/or acted utterly indifferent to and/or consciously disregarded the Plaintiff's Rights and property, city of Chicago owe plaintiff a special duty to control the conduct of its employees.

(i) Intentionally and/or deliberately intended to cause harm to the Plaintiff and/or acted utterly indifferent to and/or consciously disregarded the Plaintiff's Rights and property, the city of Chicago failed to supervise and discipline its employees

(J) Intentionally and/or deliberately intended to cause harm to the Plaintiff and/or acted utterly indifferent to and/or consciously disregarded the Plaintiff's Rights and property, the City's conduct described in this Complaint was not a valid exercise of police power because the City failed to strictly comply with State Statute and City Ordinance and therefore was an abuse of municipal police power.

(K) Intentionally and/or deliberately intended to cause harm to the Plaintiff and/or acted utterly indifferent to and/or consciously disregarded the Plaintiff's Rights and property, the City denied plaintiff an opportunity to rebut the City's allegations about the state of the subject property

(L) otherwise acted or failed to act in an intentional and/or willful and wanton manner the articular of which will be determined through discovery herein

WHEREFORE, the Plaintiffs Rosie Houston, Michael Houston Steve Houston Yvonne Whitley prays for judgment in their favor and against the Defendants, Judy Frydland, Jorge Herrera, Mario Ficco, Delta Demolition, an Illinois Corporation, Finucane Jeffrey jointly and severally, for damages in excess of $100,000.00 and for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs and all other appropriate relief to which they are entitled under the law

**COUNT X-CRIMINAL DAMAGE TO PROPERTY**
**(ALL DEFENDANTS)**

83. The Plaintiffs hereby re-allege and incorporate their allegations of paragraphs 1-82 of the previous sections of the Complaint as though fully set forth herein.

84. (720 ILCS 5/21-1) (from Ch. 38, par. 21-1) Sec. 21-1. Criminal damage to property.

(a) A person commits criminal damage to property when he
or she:
(1) knowingly damages any property of another;
(2) recklessly by means of fire or explosive damages
property of another;
(3) knowingly starts a fire on the land of another;
(4) knowingly injures a domestic animal of another
without his or her consent;
(5) knowingly deposits on the land or in the building
of another any stink bomb or any offensive smelling
compound and thereby intends to interfere with the use by
another of the land or building;
(6) knowingly damages any property, other than as
described in paragraph (2) of subsection (a) of Section
20-1, with intent to defraud an insurer;
(720 ILCS 5/) Criminal Code of 2012. www.ilga.gov 10 mins read

(7) knowingly shoots a firearm at any portion of a railroad train;

(8) knowingly, without proper authorization, cuts, injures, damages, defaces, destroys, or tampers with any fire hydrant or any public or private fire fighting equipment, or any apparatus appertaining to fire fighting equipment; or

(9) intentionally, without proper authorization, opens any fire hydrant.

(J) A violation of paragraphs (1) through (6) is a Class 2 felony when the damage to property exceeds $100,000. A violation of paragraphs (1) through (6) is a Class 1 felony when the damage to property exceeds $100,000 and the damage occurs to property of a school or place of worship or to farm equipment or immovable items of agricultural production, including but not limited to grain elevators, grain bins, and barns or property which memorializes or honors an individual or group of police officers, fire fighters, members of the United States Armed Forces, National Guard, or veterans

WHEREFORE, the Plaintiffs Rosie Houston, Michael Houston Steve Houston Yvonne Whitley, respectfully request the Department of Justice to present this matter to a grand jury.

## COUNT XI-INDEMNIFICATION / CITY OF CHICAGO

85. The Plaintiffs hereby re-allege and incorporate their allegations of paragraphs 1-84 of the previous sections of the Complaint as though fully set forth herein.

86. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

87. Defendants Judy Frydland, Jorge Herrera, Mario Ficco, Delta Demolition, an Illinois Corporation, Finucane Jeffrey at all relevant times were employees of the Defendant, CITY

OF CHICAGO, and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants, Judy Frydland, Jorge Herrera, Mario Ficco, Delta Demolition, an Illinois Corporation, Finucane Jeffrey be found liable for the acts alleged above, Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against said Defendants.

## JURY DEMAND

The Plaintiffs, Rosie Houston, Michael Houston Steve Houston and Yvonne Whitley, hereby request a trial by jury

Respectfully submitted

________________________________
Rosie Houston

________________________________
Michael Houston

________________________________
Steve Houston

__________________________
Yvonne Whitley

Rosie Houston,
Michael Houston
Steve Houston
Yvonne Whitley
4202 S. Vincennes
Chicago, Ill 60653
773-551-0560
Email4202Vincennes@mail.com

## VERIFICATION

We, Rosie Houston, Michael Houston Steve Houston and Yvonne Whitley, are Plaintiffs in this action. We have read the foregoing Verified Complaint and are familiar with its contents. We declare under penalty of perjury under the laws of the United States that all of the factual statements contained in the foregoing Verified Complaint are true and accurate to the best of our belief and are based upon personal knowledge, except Where expressly indicated otherwise.

Dated: November 9, 2020

/S/ Rosie Houston
Rosie Houston

/S/ Michael Houston
Michael Houston

/S/ Steve Houston
Steve Houston

/S/ Yvonne Whitley
Yvonne Whitley