UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSIE HOUSTON *et al.*,<br>    Plaintiffs<br><br>    v.<br><br>CITY OF CHICAGO *et al.*,<br>    Defendants | No. 20 CV 06720<br><br>Judge Jeremy C. Daniel |

### ORDER

The defendants' motions to dismiss [R. 78, R. 82] are granted in part and denied in part. The Court dismisses: (1) all claims against Defendants Kevin Ryan, Delta Demolition, and Jeffrey Finucane; (2) Counts IV-IX; (3) the plaintiffs' substantive due process claim; and (4) Count I as to Defendants Judy Frydland, Jorge Herrera, and Mario Ficco. That leaves the plaintiffs' procedural due process (unlabeled count) and Fourth Amendment (Counts II and III) claims against Defendants City of Chicago, Frydland, Herrera, and Ficco, and unlawful demolition claim (Counts I) against Defendant City of Chicago. The defendants shall answer on or before February 14, 2024.

### STATEMENT

The plaintiffs Third Amended Complaint alleges that the defendants (1) denied the plaintiffs procedural due process (unlabeled count); (2) denied the plaintiffs substantive due process (unlabeled count); (3) wrongfully demolished the plaintiffs' home (and personal property inside that home) (Count I); (4) unlawfully seized the plaintiffs' property (Count II); (5) unlawfully searched the plaintiffs' property (Count III); (6) committed the tort of trespass to chattels (Count IV); (7) failed to return the plaintiffs' property (Count V); (8) intentionally inflicted emotional distress on the plaintiffs (Count VI); (9) took the plaintiff's property without compensation (Count VII); and (10) criminally damaged the plaintiffs' property (Count VIII). The plaintiffs further allege that Defendant City of Chicago must indemnify the plaintiffs for the damage caused by the defendants (Count IX). These claims stem from the December 2018 demolition of the home located at 4202 S. Vincennes Avenue in Chicago, Illinois. (R. 77 ¶¶ 14-15, 23.) According to the complaint, following a November 2018 fire that significantly damaged the home's roof, the defendants obtained an order authorizing the demolition of the home as "an actual and imminent danger to the public." (*Id.*) The plaintiffs allege that the defendants worked together to create and submit false

reports to support the emergency demolition of the home. (*Id.* ¶ 22.) The defendants have moved to dismiss all of the plaintiffs' claims.

To survive a motion to dismiss, a complaint only needs to contain factual allegations that, when accepted as true, are sufficient to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When considering a Rule 12(b)(6) motion to dismiss, the court "must draw all reasonable inferences in the plaintiff's favor." *Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). The court, however, "need not accept as true statements of law or unsupported conclusory factual allegations." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021). Moreover, because the plaintiffs initiated this action *pro se*, their complaint is construed liberally. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The court may read the complaint "broadly" and make necessary assumptions where the facts do not "definitely identify" the plaintiff's challenges. *Obriecht v. Raemisch*, 517 F.3d 489, 492 n.2 (7th Cir. 2008).

Defendant Kevin Ryan

Defendant Kevin Ryan argues that the statute of limitations bars all of the plaintiffs' claims against him. The Court agrees. "A motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Vergara v. City of Chi.*, 939 F.3d 882, 886 (7th Cir. 2019). There is a two-year statute of limitations for § 1983 claims, *see Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 668 (7th Cir. 2018), and a one-year statute of limitations for civil common law claims against city employees, 745 ILCS 10/8–101.

Here, the plaintiffs first identified Ryan as a party to this lawsuit in their Second Amended Complaint, which they filed on September 1, 2021. (R. 55.) Because that is more than two years after the events giving rise to the plaintiffs' claims occurred, dismissal is proper unless the allegations against Ryan relate-back to the plaintiffs' original complaint, which would allow the plaintiffs' claims against him to proceed. *Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). They do not.

The plaintiffs explicitly stated in their Complaint and First Amended Complaint, "the fire Chief [Ryan] is not part of this complaint." (R. 1 ¶ 14; R. 31 ¶ 14.) Context reveals that "fire chief" refers to Ryan, as the Complaint and First Amended Complaint note that, "the Chief name unknown stated the house was unsafe." (R. 1 ¶ 14; R. 31 ¶ 14.) Subsequently, the Second and Third Amended Complaints explicitly identify Ryan as the Fire Chief, and further note that, "Fire Chief Kevin Ryan was mentioned in original and First Amended Complaint but was not made a Defendant, we must make

2

him a Defendant in this matter as he had the gas lights and water cut off, to make the house uninhabitable . . . ." (R. 55 ¶ 15; R. 77 ¶ 15.) This statement demonstrates that the plaintiffs made a deliberate decision to exclude Ryan from the earlier complaints. As such, the current allegations against Ryan do not relate back to the Complaint or First Amended Complaint. *See* Fed. R. Civ. P. 15(c). All claims against Ryan are accordingly dismissed.

Counts I and IV-IX

The defendants claim that Counts I and IV-VIII are barred by the one-year statute of limitations established by the Tort Immunity Act, 745 ILCS 10/1-101 *et seq*. The Court agrees with respect to Counts IV-VIII. *See Madison v. City of Chi.*, 82 N.E.3d 702, 707-709 (Ill. App. 2017) (rejecting claim that Tort Immunity Act's statute of limitations applied to wrongful demolition claim and affirming dismissal of "unlawful taking or inverse condemnation, negligence, and conversion" claims). Here, the demolition occurred in December 2018. The plaintiffs filed their initial complaint in November 2020. (R. 1.) That is beyond the one-year statute of limitations. Because the statute of limitations for the wrongful demolition claim (Count I) under *Madison* is five years, that claim is not time-barred. Therefore, Counts IV-VIII are dismissed as to all defendants.

It is also worth noting that, while Count VII sounds in state law (it references Illinois statutes and case law), to the extent that the plaintiffs sought to assert a claim under the Fifth Amendment, that claim is also dismissed. Count VII describes the defendants' conduct as an "exercise of police power because the city failed to strictly comply with the Ordinance and therefore was an abuse of municipal police power." (R. 77 ¶ 118.) "It is well established that the government's removal of a public nuisance is categorically different from taking property for public use." *Willow Way, LLC v. Vill. of Lyons, Illinois*, No. 1:20-CV-03046, 2022 WL 972291, at *3 (N.D. Ill. Mar. 31, 2022), *aff'd*, 83 F.4th 655 (7th Cir. 2023) (citing *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2079 (2021)). The plaintiffs' concerns here lie with whether they received sufficient process. *See Willow Way, LLC v. Vill. of Lyons, Illinois*, 83 F.4th 655, 656 (7th Cir. 2023) ("The protection that the federal Constitution offers to property owners is notice and an opportunity for a hearing at which the structure's condition can be ascertained based on factual presentations."). This is not a matter of taking private property for public use.

The defendants further claim that the wrongful demolition statute does not create a cause of action against individuals. The Court agrees. The statute's plain language states, "the *municipality* shall be liable for any injury occasioned by actionable wrong to property by the removal, destruction or vacation . . . ." 65 Ill. Comp. Stat. Ann. 5/1-4-7 (emphasis added). It does not create a cause of action against individuals. Therefore, Count I is dismissed as to Defendants Judy Frydland, Jorge Herrera, Mario Ficco, Delta Demolition, and Jeffrey Finucane.

3

Count I may proceed against Defendant City of Chicago, however. The plaintiffs have alleged an actionable wrong—they allege that they did not receive sufficient notice of the demolition, which not only denied them the opportunity to challenge the order but also denied them the opportunity to remove their personal belongings from the home prior to demolition. This alleged wrong caused the plaintiffs to lose their home and personal belongings.

Defendant City of Chicago further claims that the plaintiffs cannot seek indemnification in connection with their § 1983 claims. The Court agrees. "Municipalities . . . are not vicariously liable for the constitutional torts of their employees or agents. Instead, a municipality is liable under § 1983 only 'for its own violations of the federal Constitution and laws.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 617 (7th Cir. 2022). Therefore, Count IX is dismissed.

Delta Demolition and Jeffrey Finucane

According to the complaint, Delta Demolition and its owner, Jeffrey Finucane, (together, "Delta Demolition") "executed the unlawful forcible demolition." (R. 77 ¶ 26.) The plaintiffs further allege that Delta Demolition failed to protect the plaintiffs' personal belongings during and after the emergency demolition. (*Id.* ¶¶ 70, 104, 105.) The Third Amended Complaint does not allege that Delta Demolition had any role in the issuance of the demolition order. This precludes any claim that Delta Demolition denied the plaintiffs due process. Moreover, the earliest alleged actions by Delta Demolition occurred on December 18 and 19, 2018, (*id.* ¶ 23) after the order authorizing the demolition issued. (*See* R. 84-1.) As such, one cannot deem Delta Demolition's actions before the demolition was approved unreasonable, given that they acted pursuant to what appeared (at least to them) to be a lawfully issued order to demolish the home. Accordingly, the plaintiffs due process claims and Fourth Amendment claims against Delta Demolition are dismissed.

Substantive Due Process

"While procedural due process assures fair procedure in the decision-making process, the substantive due process clause is concerned with the decision itself." *Universal Sec. Ins. Co. v. Koefoed*, 775 F. Supp. 240, 244 (N.D. Ill. 1991). The scope of substantive due process "is very limited," *Tun v. Whitticker*, 398 F.3d 899, 900-02 (7th Cir. 2005), and "may not be maintained where a specific constitutional provision protects the right at issue." *Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012). Here, the demolition of the plaintiffs' home constituted a seizure. *See Lee v. City of Chi.*, 330 F.3d 456, 460 (7th Cir. 2003); *Freeman v. City of Dallas*, 242 F.3d 642, 647 (5th Cir. 2001). The right to be free from unreasonable seizures is protected by the Fourth Amendment. "[W]here a plaintiff premises a Fourth Amendment claim and a substantive due process claim on the exact same conduct, generally speaking the due-

4

process claim cannot go forward." *A.G. v. City of Park Ridge*, 198 F. Supp. 3d 856, 864 (N.D. Ill. 2016). Because the plaintiffs' claim falls squarely within the Fourth Amendment's protections, their substantive due process claim is dismissed.

Procedural Due Process

The plaintiffs allege that Defendants Frydland, Herrera, and Ficco violated their due process rights by causing the plaintiffs' home to be demolished and personal belongings to be lost by unlawfully obtaining an order for the plaintiffs' home to be demolished. The plaintiffs further allege that Defendants Frydland, Herrera, and Ficco used falsified documents to secure the demolition order, and failed to give the plaintiffs an opportunity to be heard. (R. 77 ¶¶ 23, 35.) The plaintiffs further allege that the demolition occurred pursuant to Defendant City of Chicago's policy to destroy homes in up and coming neighborhoods, and was due to the city's failure to adequately train, supervise, control, or discipline building inspectors using the city's emergency demolition process. (*Id.* ¶¶ 44, 56.)

The defendants first seek to dismiss the plaintiffs' procedural due process claim (as well as their Fourth Amendment claim) by asserting that they are entitled to qualified immunity. (R. 84 at 7-8; R. 85 at 5.) However, "dismissing on such grounds at the motion to dismiss stage is inappropriate where 'the existence of qualified immunity . . . depend[s] on the particular facts of a given case.'" *Brown v. City of Chi.*, 594 F. Supp. 3d 1021, 1030 (N.D. Ill. 2022). There are many factual issues in this case, including whether the plaintiffs received adequate notice, whether pre-deprivation process was warranted, and whether their home actually constituted an emergent threat. These considerations do not allow the Court to decide the applicability of qualified immunity at this time.

Second, the defendants argue that the plaintiffs have not alleged personal involvement. (R. 84 at 8; R. 85 at 10.) This is incorrect. The plaintiffs allege that Ryan, Ficco, Herrera, and Frydland collaborated to create falsified demolition reports exaggerating the condition of their home. (R. 77 ¶¶ 22-23.) The plaintiffs further claim personal involvement by Ficco, who visited their home, called them, and coordinated with Herrera, who also called them and then authorized the demolition. (*Id.* ¶ 18; R. 84-1.) The plaintiffs additionally allege that Frydland, as the building commissioner, routinely neglected her responsibility to adequately train and supervise the building inspectors. (R. 77 ¶ 44.) The plaintiffs have accordingly alleged personal involvement by each defendant.

Third, the defendants claim that the plaintiffs fail to state a procedural due process violation because "the purported misuse of the emergency demolition ordinance . . . or the lack of notice under it was random and unauthorized." (R. 84 at 14.) This argument is premised on the "narrow" and "rare exception to due process norms" established in *Parrat v. Taylor*, 451 U.S. 527 (1981). *Bradley v. Vill. of Univ. Park,*

5

*Ill.*, 929 F.3d at 879, 886 (7th Cir. 2019) (citation omitted). "A claim based on random and unauthorized acts by state employees only requires a meaningful post-deprivation remedy, while a claim based on established state procedures requires the state to provide a pre-deprivation hearing, too." *Calderone v. City of Chi.*, 979 F.3d 1156, 1165 (7th Cir. 2020). Due process rights are not violated if "a predeprivation hearing 'is not only impracticable, but impossible,' and yet 'some meaningful opportunity subsequent to the initial taking' is available to provide redress." *Bradley*, 929 F.3d at 886 (citation omitted).

The defendants' argument is unavailing because it ignores allegations that the demolition was not random or unpredictable at all, but an entirely predictable deprivation that occurred pursuant to state procedures. Specifically, the complaint states that Herrera, while acting under the color of law and within the scope of his employment, "caused a Permit for a Demolition Application to [be] issued to Delta Demolition." (R. 77 ¶¶ 24, 33.) The demolition permit was thereafter issued, and the defendants demolished the plaintiffs' home. (*Id.* ¶ 27.) Further, the complaint explains that an emergency demolition permit may only properly occur after (1) seeking an affidavit from the owner authorizing the demolition; (2) alternatively, serving the owner with notice of the demolition via certified mail, and (3) posting a sign no smaller than two feet by three feet stating that the property will be demolished within three days, but alleges that it was the City's routine practice not to follow these procedures. (*Id.* ¶¶ 65-67.)

These claims do not allege that the demolition was random or unauthorized; "[p]ublic employers' decisions to violate both state and federal procedural requirements have never been treated as grounds to excuse federal due process liability." *Bradley*, 929 F.3d at 879. "Where predeprivation procedures are both required and practicable, municipal policymakers expose the municipality and themselves to liability under § 1983 if they deliberately disregard an individual's constitutional due process rights." *Id.* Moreover, "[p]re-deprivation notice and hearings are not impractical, and therefore fall outside the narrow *Parratt* exception, for deliberate, planned deprivations of property," like the demolition in this case. *Luster v. Vill. of Ashmore*, 76 F.4th 535, 537-38 (7th Cir. 2023). The plaintiffs procedural due process claim may proceed against Defendants City of Chicago, Frydland, Herrera, and Ficco.

Fourth Amendment

As mentioned, the plaintiffs have alleged that the defendants unlawfully seized their home and personal property by authorizing and carrying out the demolition. (R. 77 ¶¶ 81-96.) "To state a constitutional violation," however, the plaintiffs "must also allege that the seizure . . . was unreasonable." *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 516 (7th Cir. 2020) (internal quotations and citation omitted). Because the plaintiffs have plausibly alleged that Defendants City of Chicago, Frydland, Herrera, and Ficco did not adhere to the requirements of procedural due process, they have

6

also alleged that the seizure was unreasonable. *See Freeman*, 242 F.3d at 654 n.17 ("[T]he Fourth Amendment reasonableness of a seizure and demolition of nuisance property will ordinarily be established when the substantive and procedural safeguards inherent in state and municipal property standards ordinances have been fulfilled."); *Perry v. Sheahan,* 222 F.3d 309, 316 (7th Cir. 2000). The plaintiffs' Fourth Amendment claim may therefore proceed against Defendants City of Chicago, Frydland, Herrera, and Ficco.

Leave to Amend

Finally, the Court must determine whether to grant the plaintiffs leave to amend. The plaintiffs may only amend their complaint with written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave to amend when justice so requires." *Runnion ex rel. v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) (citation omitted). Leave to amend is properly denied, however, where amendment is futile, *id.* at 520, or would cause "undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court declines to grant the plaintiffs leave to file a fourth amended complaint. Amendment of the plaintiffs' dismissed state law claims would be futile, as they are time barred. Additionally, allowing amendment of the plaintiffs' federal claims at this stage would unfairly prejudice the defendants, who have now each filed three motions to dismiss to defend against these unresolved allegations.

Date: 1/25/2024

JEREMY C. DANIEL
United States District Judge

7